IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **TONYIA WILSON MOORE**, <br><br> Plaintiff, <br><br> v. <br><br> **TREATMENT CENTERS OF AMERICA GROUP, LLC d/b/a Treatment Center of Valdosta, and VALDOSTA ADDICTION ASSOCIATES, INC. d/b/a Treatment Center of Valdosta**, <br><br> Defendants. | Civil Action No. 7:12-CV-22 (HL) |

**ORDER**

This case is before the Court on Defendants' First Motion for Summary Judgment (Doc. 26). After careful consideration of the arguments contained in the parties' briefs, the relevant law, and the record as a whole, the Court denies the motion.

**I.   SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986))."If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2012, Plaintiff, proceeding *pro se*, filed a complaint pursuant to Title VII against Treatment Center of Valdosta and Akisha Fedd. (Doc. 1). Plaintiff stated in her complaint that she was employed by Treatment Center of Valdosta from December of 2010 until March 4, 2011. Treatment Center of Valdosta is a drug testing facility and methadone clinic. Akisha Fedd was Plaintiff's supervisor. Plaintiff alleged in her complaint that she was sexually harassed by Fedd on two occasions and that she was terminated in retaliation for reporting the sexual harassment.

As Plaintiff sought to proceed *in forma pauperis*, the Court conducted a review of her complaint pursuant to 28 U.S.C. § 1915(a). The Court dismissed Fedd as a party, but allowed Plaintiff's hostile work environment and retaliation claims against Treatment Center of Valdosta to move forward. (Doc. 4).

Plaintiff was able to retain counsel to represent her, and on April 16, 2012, filed her first amended complaint. (Doc. 6). Plaintiff amended the caption of the case to reflect the defendant's proper name, Valdosta Addiction Associates, Inc. d/b/a Treatment Center of Valdosta ("VAA"), and she also added another

defendant, Treatment Centers of America Group, LLC d/b/a Treatment Center of Valdosta ("TCA").

Defendants have now moved for summary judgment on the basis that VAA is not an "employer" as defined by Title VII. Plaintiff argues in response that VAA and TCA are sufficiently interrelated to constitute a single "employer" for purposes of Title VII, or in the alternative, the companies could be considered to be joint employers of Plaintiff. Plaintiff states that there is sufficient evidence in the record for this question to go to the jury.[1]

## III.   ANALYSIS

Title VII defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). For Title VII purposes, a "person" includes "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or

---

[1] The fact that the EEOC initially closed its file on this matter stating that the defendant did not have the requisite number of employees does not bind the Court in any way. See Young v. FedEx Exp., 432 F.App'x 915, 917 (11th Cir. 2011) (stating that EEOC findings are not binding with regard to subsequent discrimination suits in federal court and that the district court is not required to defer to the EEOC determination as it has to conduct a *de novo* review of the claims). In any event, the EEOC reopened the matter, revoking its initial right to sue letter, and later issued a second right to sue letter that made no mention of the numerosity requirement.

receivers." 42 U.S.C. § 2000e(a). The question of whether a defendant meets the statutory definition of "employer" is a threshold jurisdictional matter under Title VII. Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1340 (11th Cir. 1999) (citing Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994)). Thus, a plaintiff must show that her employer had fifteen or more employees for the requisite period provided under the statute before her Title VII claims can be reached. Id. The term employer is to be interpreted liberally. McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 933 (11th Cir. 1987).

Defendants argue that VAA was Plaintiff's employer at all relevant times to this action, and that Plaintiff knew VAA was her employer as reflected by the EEOC charge and application for unemployment benefits filed by Plaintiff. Defendants deny that TCA was Plaintiff's employer. Defendants have presented evidence that VAA had less than fifteen employees during the time period Plaintiff worked for the company. (Affidavit of Alan Folsom, ¶ 4). Thus, Defendants argue, the statutory definition of "employer" has not been met, which means the Court does not have jurisdiction over the case.

The Court finds that summary judgment cannot be granted to Defendants based on the evidence in the record. The question raised by Defendants is whether VAA is an employer as defined by Title VII. To be considered an employer, a person as defined by Title VII must have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or

preceding calendar year." 42 U.S.C. § 2000e(b).[2] In other words, an employer is covered under Title VII if it has fifteen or more employees for each working day in each of 20 or more calendar weeks in the year of the alleged discrimination or the year prior to the alleged discrimination. Plaintiff alleges that the discriminatory acts occurred in 2011, which means Defendants must show that VAA did not have fifteen employees working for twenty or more calendar weeks in either 2010 or 2011. Defendants have not presented any such evidence. The test for whether a corporation falls under the Title VII definition of an employer does not hinge on the number of employees during the specific time period the plaintiff was employed, which is the only evidence currently before the Court. Defendants have not carried their burden in showing the absence of a material fact on this jurisdictional issue.

Even though summary judgment in Defendants' favor must be denied because they have not met their evidentiary burden, the Court believes it prudent to examine Plaintiff's claim that she has presented evidence to establish that VAA and TCA could be considered a single employer or a joint employer for purposes of Title VII. To not address the issue now will likely just be delaying the inevitable. The Court has no doubt that Defendants will again move for summary judgment and attempt to fix their evidentiary problem, and assuming they do submit the proper evidence, the Court would be required to rule on the single

---

[2] The term "current year" refers to the entire year in which the discrimination occurred. Walters v. Metro. Educ. Enter., Inc., 519 U.S. 202, 211, 117 S.Ct. 660 (1997).

employer/joint employer issue at that time. If the Court determines that Plaintiff has raised an issue of material fact as to the single employer/joint employer issue, there will be no reason for Defendants to raise the employer issue again, which would negate a round of summary judgment motions and briefing.

The Eleventh Circuit has instructed courts to look beyond the "nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise" when determining whether a plaintiff's employer falls within the definition of Title VII. <u>Lyes</u>, 166 F.3d at 1341. This circuit recognizes three doctrines that allow an employee in certain circumstances to assert a Title VII claim against an entity that is not formally her employer. <u>Id.</u> These doctrines are referred to as the agency, single employer, and joint employer theories of liability. <u>Id.</u>

Under the single employer theory, "where two ostensibly separate entities are highly integrated with respect to ownership and operations, [courts] may . . . [treat them as one employer] under Title VII." <u>Id.</u> (citations and quotation marks omitted). Under the joint employer theory, "where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees, we may treat the entities as 'joint employers.'" <u>Id.</u> Plaintiff believes she can establish that VAA and TCA are liable to her under Title VII through

these two tests. Of course, to get past summary judgment on the jurisdictional issue, Plaintiff need only show that she can satisfy one of these tests.

In considering the single employer theory, the court must ask whether the entities should be treated as a single integrated enterprise based on the following: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. Id. Not every factor need be present and no one factor is controlling. Id. at n. 5.

Here, Plaintiff has presented evidence sufficient to raise a question of fact as to whether VAA and TCA should be considered a single employer for purposes of Title VII. Of particular interest to the Court is Plaintiff's termination letter, which is written on TCA letterhead and signed by a TCA administrator. The letter states: "It is the decision of the Management Staff of Treatment Centers of America, to terminate the employment of Tonyia Wilson-Moore, effective March 4, 2011;" "This decision has been reviewed and approved by the Administrative Office of Treatment Centers of America;" and "Treatment Centers of America thanks Tonyia Wilson-Moore for their service to the company and wishes them well in the future." (Doc. 29-11). Though Defendants contend Plaintiff was employed by VAA, she was clearly fired by TCA, which raises questions as to the companies' affiliation.

Further, VAA and TCA share upper management, as Alan Folsom is in a management position for both companies. The companies also share common

owners, as Folsom and Jeff Sikes both have shares or other beneficial interests in the companies. A comparison between the payroll records from VAA and the chain of command listed in TCA's employee handbook show that four full time employees (Folsom, Boutwell, Dixon, and Fedd) on VAA's payroll have administrative or supervisory positions with TCA, which shows common management between the companies. In addition, both companies operate out the same address in Valdosta, albeit that VAA operates out of one suite and TCA operates out of another. It is also notable that the employee handbook given to Plaintiff repeatedly states that TCA is the employer, not VAA.

As there are factual disputes regarding the single employer issue, it is a question of fact for the jury.[3] A reasonable jury certainly could find that VAA and TCA constitute an integrated employer for purposes of Title VII.

## IV.   CONCLUSION

Defendants' Motion for Summary Judgment is denied. The parties are reminded that any other dispositive motions are due no later than April 15, 2013.

**SO ORDERED**, this the 3rd day of April, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[3] Because Plaintiff has shown a question of fact under the single employer theory, it is not necessary to address her joint employer claim.